## REGIONAL SCAFFOLDING & HOISTING CO., INC., Petitioner,

### v.

## OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, Respondent.

### No. 145, Docket 88–4080.

United States Court of Appeals, Second Circuit.

Argued Sept. 30, 1988.

Decided Oct. 20, 1988 *.

* This opinion was originally issued in the form of a summary order on October 20, 1988, and is

Angelo J. Genova, DeMaria, Ellis & Hunt, Newark, N.J. (James M. Burns, DeMaria, Ellis & Hunt; Barry Asen, Roberts & Finger, New York City, of counsel), for petitioner.

John Shortall, Office of the Sol., U.S. Dept. of Labor, Washington, D.C. (George R. Salem, Cynthia L. Attwood, Ann Rosenthal, U.S. Dept. of Labor, Washington, D.C., of counsel), for respondent.

Before OAKES, MINER and ALTIMARI, Circuit Judges.

PER CURIAM:

Petitioner Regional Scaffolding & Hoisting Co., Inc., seeks review of a final order of the Occupational Safety and Health Review Commission. Petitioner was cited for violating a regulation during erection of a personnel hoist at a construction site. The only issue on appeal is whether the regulation applies during the installation of hoists. We find that it does.

The regulation, 29 C.F.R. § 1926.552(c)(8) (1987), provides that personnel hoist

published upon the motion of a party to the action.

"[d]oors or gates shall be provided with electric contacts which do not allow movement of the hoist when door or gate is open." Petitioner was cited for disabling the safety mechanism on a hoist to carry a tie beam that would not fit in the elevator with the door closed. The beam was to be used to attach the top of the hoist to the building.

We must affirm the Commission's interpretation of the regulation unless it is unreasonable and inconsistent with the law. *Pratt & Whitney Aircraft v. Donovan,* 715 F.2d 57, 61 (2d Cir.1983); *General Elec. Co. v. Occupational Safety and Health Review Comm'n,* 583 F.2d 61, 64 (2d Cir.1978). Petitioner argues that the regulation does not apply during the installation of hoists. We find, however, that the plain language of the regulation indicates that it is not limited to any particular phase of construction. We therefore deny the petition to review.